## BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

### AT THE

## OCTOBER TERM, 1923.

FREDERICK D. BENNETT, by HARRIS N. BEN-
NETT, His Guardian, Appellant, v. GENERAL AC-
CIDENT, FIRE AND LIFE ASSURANCE COR-
PORATION, LIMITED, a Corporation, Respondent.

St. Louis Court of Appeals. Opinion Filed October 2, 1923.

1. **JUDGMENTS: Same Parties or Privies: Collateral Suit: Contra-
   dictory Allegations: Estoppel.** A matter once adjudicated by a
   court of competent jurisdiction may be invoked as an estoppel in
   any collateral suit, when the same parties or their privies allege
   anything contradictory to it; however, the judgment must con-
   clude both parties or it will conclude neither.

2. **———: Insurance: Prior Judgment Canceling a Policy of Insured:
   Third Parties: Estoppel: Evidence: Admissibility.** In an action on
   an insurance policy, judgments in other suits by another company
   against insured canceling certain policies did not amount to a
   conclusive estoppel as between the plaintiff and defendant in the
   present cause as to an issue of fact adjudicated by such judg-
   ments, and it is but a corollary to this conclusion that such judg-
   ments were not admissible upon the trial of this cause as evidence
   for the consideration of the jury in determining such issue of
   fact.

3. **———: ———: ———: ———: Suit Contested: Judgment Canceling
   Policy Not Admission of Facts in Suit on Another Policy Against
   Another Company.** In an action on an insurance policy, judg-
   ments in other suits by another company against plaintiff cancel-

ing certain policies were not admissible in evidence as solemn admissions on the part of the insured of the facts as therein adjudicated, where insured did not make default or affirmatively concede any of the allegations of the petitions, but appeared and answered. denying the allegations of the petitions, and contested the suits at every step in their progress to final judgments.

4. ———: ———: ———: ———: ———: ———: No Finding of Facts: Acknowledging Satisfaction of Such Judgment: Not Admission of Facts as Determined. In an action on an insurance policy, where the defense was that the injuries complained of resulted from an intentional act of the insured in an attempt to commit suicide, the act of insured in accepting payment of the judgments and acknowledging satisfaction thereof in other suits by another insurance company against insured to cancel policies because of fraud in an attempt to commit suicide, admitted nothing more than the finality and conclusiveness of the judgments as between the parties thereto, and was not an admission of facts as determined by the judgments.

5. ———: ———: Vexatious Refusal to Pay: Judgment in Another Action by Third Party Against Insured: Not Admissible Upon Issue of Vexatious Refusal to Pay Indemnity. In an action on an insurance policy where the defense was that the injuries complained of resulted from an attempt to commit suicide, judgments canceling certain policies in other suits by another insurance company against insured, wherein no specific findings of fact were made, and upon what findings of fact the court based its conclusions was a mere matter of conjecture, were hearsay and not admissible upon the issue of vexatious refusal to pay the indemnity sued for.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Victor H. Falkenhainer,* Judge.

REVERSED AND REMANDED.

*Lee Hagerman,* and *Abbott, Fauntleroy, Cullen & Edwards* appellants.

(1) The judgments or decrees in favor of other parties on other policies and the pleadings upon which they were based were clearly inadmissible as hearsay and *res inter alios acta.* State v. Bradnack, 69 Conn. 212; Tierney v. Ins. Co., 4 N. D. 565; Wood v. Davis (U. S.), 7 Cranch 271; Davis v. Wood (U. S.), 1 Wheat 6; Snyder

v. Berger (Pa.), 6 Atl. 733; Black on Judgments, sec. 600; Alexander v. Walter, 8 Gill 247, 688; Winston v. Starke (Va. Ct. of App·), 12 Gratton 317. (2) A judgment or decree, even though against one of the parties to a former action, is inadmissible when offered by another party in a subsequent action, because lacking in mutuality. Amer. & Eng. Encyc. of Law (2 Ed.), 730; Bell v. Hoagland, 15 Mo. 364; 15 R. C. L., sec. 432, p. 956; Henry v. Woods, 77 Mo. 281; Redmond v. Coffin, 2 Dev. Eq. (N. C.), 443; Hempstead v. Easton, 33 Mo. 142; Simpson v. Jones, 2 Snead 30; McCory v. Parks, 18 Ohio St. 148; Butterisck v. Holden, 8 Cush. 233; Greenleaf's Ev., sec. 189; Story's Eq., sec. 165; Haley v. Bagley, 37 Mo. 264; The State ex rel. v. Johnson, 123 Mo. 43; Eckes v· Luce, 173 Pac. (Okl.), 219; Jones v. Adler, 62 So. 777; Ryan v. Young, 147 Ala. 660; Fidelity & Deposit Co. of Maryland v. Robertson, 136 Ala. 379. (3) A judgment or decree cannot be given in evidence in a civil case to establish the truth of the facts alleged in the petition or in proof of the facts upon which it is rendered. 15 R. C. L., secs. 476, 477, 478; Hicks v. Mason (Mich.), 11 L. R. A. (N. S.) 633 and note; State v. Roach (Kan.), 21 Ann. Cas. 1183, and cases cited in note, same case; 31 L. R. A. (N. S.) 671 and note; Myers v. Maryland Casualty Co., 123 Mo. App. 682, 101 S. W. 124; Fowle v. Child, 164 Mass. 210; Marceau v. Travelers' Ins. Co., 101 Cal. 338; Omohundro v. Emerson, 80 Mo. App. 313; Gray v. McDonald, 104 Mo. 303. (4) The allegations of the petitions in the other cases, the answer of the defendant's guardian thereto, and the decree rendered thereon have no tendency to establish admission and were not admissible on the theory that they were admissions binding on the insane defendant in the present action. 15 R. C. L., sec. 479, p. 1003; Corwin v· Walton, 18 Mo. 71, 23 Cyc. 1288; St. Louis Mutual Life v. Cravens, 69 Mo. 77; Collins v. Trotter, 81 Mo. 275; Hoeffner v. Grand Lodge, 41 Mo. 368; 24 Am. & Eng. Ency. of Law, pp. 764, 765; Womach v. City of St. Joseph, 201 Mo. 467; Insurance Co. v. Cullen, 237 Mo. 572. (5)

There was no privity or common interest between the plaintiffs in the former case and the plaintiff in the instant case, so as to render the record in the former case admissible. Ins. Co. v. Cullen, 237 Mo. 572; Authorities supra. (6) The insane defendant in the instant case was not bound by the acts or admission or admissions of his guardian in the former cases. Even if the guardian had made admissions in the former cases (which he did not make) still such would not be binding on his insane ward. Neff v. Cameron, 213 Mo. 350; Buffalo Loan Co. v. Knights Templar Ass'n, 126 N. Y. 450; Forsythe v. Ganson, 5 End. (N. Y.) 559; Collins v. Trotter, 81 Mo. 275; Wood v. Truax, 39 Mich. 628, 42 Mich. 69; Cartwright v. Wise, 14 Ill. 417; Peak v. Pricer, 21 Ill. 164; Fischer v. Fischer, 54 Ill. 231; Fink v. Railroad, 161 Mo. App. 324; Ralston v. Lahee (Iowa), 74 Am. Dec. 291; Lloyd v. Kirkwood, 112 Ill. 329; Rucker v. Bean, 65 Me. 352; White v. Joyce, 157 U. S. 128; Knights Templar and M. L. I. Co. v. Crayton (Ill.), 70 N. E. 1066; 1 Encyc. Evid. 460; Gray v. Clements, 277 S. W. 114; Revely v. Skinner, 33 Mo. 101; Litchfield v. Burnell, 5 Howard 341; McClure v. Farthing, 51 Mo. 109; Waterman v. Lawrence, 19 Cal. 210; Long v. Mulford, 17 Ohio Sy. 484, 93 Am. Dec. 638, and note; Buffalo Loan, etc., Co. v. Knights Templar, 126 N. Y. 450; Case Note, 32 L. R. A. 671; Schlotterer v. Ferry Co., 78 N. Y. S. 202. (7) Transactions between the insured and other insurance companies were not relevant to any issue in the case at bar, and should have been excluded. Aiken v. Kennison (Vt.), 5 Atl., 757; 1 Phil Ev. 748, p. 759; Pictorial League v. Nelson (Vt.), 37 Atl. 247; Jones v. Ellis Estate, 35 Atl. Rep. 488; Phelps v. Conant, 30 Vt. 277; Elbert v. Mitchell, 109 N. W. 181; Vacca v. Martucci, 90 N. Y. Supp. 356; Abrams v. Manhattan Consumers Brewing Co., 90 N. Y. Supp. 425; People v. Gaffey, 90 N. Y. Supp. 706; Bomar v. Rosser, 206 So. 510. (8) The instruction given by the court at the request of the defendant placed an undue burden upon the plaintiff, and erroneously advised the jury that if the evidence was evenly balanced the plaintiff could not recover. Griffith v. Continental Casualty Co., 235 S. W.

83, overruled by Court in Banc on second appeal, case No. 23756; Kahn v. Metropolitan Casualty Co., 240 S. W. 793; Prentice v. Ins. Co., 225 S. W. 691; Brunswick v. Standard Acc. Ins. Co., 213 S. W. 45; Reynolds v. Maryland Casualty Co., 201 S. W. 1128; Bacon on Benefit Societies, sec. 336a; Herne Benefit Association v. Sargent, 142 U. S. 691.

*Anderson, Gilbert & Wolfort* and *M. U. Hayden* for respondent.

(1) The trial court did not commit error warranting a reversal of this judgment in admitting in evidence the records of the probate court of the city of St. Louis, with respect to which appellant assigned error, for the following reasons: (a) The settlements and inventories offered and admitted in evidence were passed upon and adjudicated by the probate court. They therefore had the effect of adjudications as to the truth of the statements therein contained. (b) They consisted of inventories and settlements filed by the respective parties in accordance with the laws of this State. (c) They constituted admissions by appellant as to the receipt by him of certain money belonging to the estate of his father, which was not forthcoming when his sister, May B. Jones, was appointed administratrix of the father's estate to succeed appellant. (d) Appellant, through the same duly appointed guardian who instituted this suit for him, acquiesced in the claim made against his estate by the administratrix of his father's estate, and paid the money claimed. (e) These records collectively were offered for the sole purpose of showing that appellant had appropriated from, and at the time of his alleged injury owed, the estate of his deceased father the sum of $2,500. If any error was committed in admitting these records that error was cured by the appellant himself, through his present guardian, testifying to the fact that appellant owed the father's estate that money. R. S. 1919, chap. 1, secs. 457, 458, 459, 460 and 481; 12 R. C. L., sec. 21, page 1119; 12 R. C. L., sec. 21, page 1130; 12 R. C. L., sec. 32,

page 1137; 2 R. C. L., sec. 46, page 1154; Young v. Byrd, 124 Mo. 590; State ex rel· Pountain v. Gray, 106 Mo. 526; Patterson v. Booth, 103 Mo. 402; Merriwether v. Black, 31 Mo. App. 170; Philes v. Railway Co., 125 S. W. 553; Stumpe v. Kopp, 201 Mo. 412; Manufacturing Co. v. Railway Co., 230 Mo. 59. (2) The court committed no error in admitting the proceedings in the cases of Missouri State Life Insurance Company v. Bennett and the Equitable Life Insurance Company v. Bennett. The proceedings in said cases were admissible for the following purposes: A. On the question of defendant's reasonable cause for resisting payment. Judgments against a party on other proceedings are competent to prove probable cause for the adversary's position. Some cases hold they are conclusive evidence of probable cause. Others, that they are evidence, not conclusive, but all agree they are admissible. Hanser v. Bieber, 271 Mo. 339; Parker v. Farley, 10 Cush. 279, 281; Goodrich v. Warner, 21 Conn. 443; Denneby v. Wilson, 100 Miss. 197; Whitney v. Peckham, 15 Mass. 243; Parker v. Huntington, 7 Gray 36; Womack v. Circle, 29 Grattan, 206; Griffis v. Sellars, 19 N. C. 492; Garrard v. Willett, 4 J. J. Marsh, 630· B. And conversely, an acquittal is evidence of want of probable cause, in favor of the accused. Sappington v. Watson, 50 Mo. 83. (3) These judgments and pleadings were competent to show an intent to defraud. And specifically were admissible under the allegation that Bennett intended to defraud the Missouri State Life, the Equitable, defendant and others. Rubby v. Gunby, 180 S. W. 1045; Charlton v. Railway, 200 Mo. 441; Gunn v. Thurston, 130 Mo. 347; Davis v. Vories, 141 Mo. 241; Dodge v. Knapp, 112 Mo. App. 523; Hobbs v. Boatright, 195 Mo. 725; Powell v. Railroad, 229 Mo. 272; Manheimer v. Harrington, 20 Mo. App. 301. (4) The judgments are admissible because the claim of Bennett arises from his attempted suicide. A judgment against a party on a ground not personal to his adversary, but common to others, precludes recovery against all involved in this common situation. Moore v. Railway, 109 S. W. 497, 503; Spencer v. Dearth, 43 Vt. 98, 117; Jenkins v. Railway, 71 S. E. 1010; Sonnentheil v. Moody,

56 S. W. 1001; Williams v. McGrade, 13 Minn. 46; Anderson v. Fleming, 160 Ind. 597; Featherstone v. Turnpike Co., 24 N. Y. S. 603. (5) These records are admissions. (6) The instructions given to the jury at the instance of respondent correctly declared the law applicable to the issues raised by the pleadings and established by the evidence in this case and no error was committed by the trial court in giving them warranting a reversal of the judgment. Laessig v. T. P. A., 169 Mo. 262; Scales v. Insurance Co., 212 S. W. 8; Newell v. Casualty Co., 212 S. W. 991; Brunswick v. Insurance Co., 278 Mo. 154, 213 S. W. 45; Lamport v. Insurance Co., 199 S. W. 1020; Lamport v. General Acc. Corp., 272 Mo. 19, 197 S. W. 45; Prentiss v. Insurance Co., 225 S. W. 695; Phillips v. Insurance Co., 231 S. W. 947; Bennett v. Insurance Co., 237 S. W. 144.

SUTTON, C.—Plaintiff sues upon a policy of insurance issued on the 26th day of April, 1915, to plaintiff Frederick D. Bennett, insuring him against bodily injuries effected directly and independently of all other causes through accidental means.

The injuries for which plaintiff sues were sustained on September 25, 1916, and were caused by the inhalation of illuminating gas alleged to have occurred accidentally. After his injury, the insured was adjudged to be a person of unsound mind and Harry N. Bennett was appointed as his guardian and duly qualified as such.

Defendant by its answer specially pleads the provision of the policy expressly excluding from the coverage of the policy any injuries resulting from an attempt by the insured to commit suicide, and that the injuries complained of resulted from the intentional act of the insured in deliberately and knowingly inhaling illuminating gas in an attempt to commit suicide.

Defendant further pleads that during the month of July, 1916, the insured conceived the idea of cheating and defrauding defendant and other insurance companies, and pursuant thereto applied for and obtained from the Equitable Life Insurance Company of Iowa two

policies of insurance on his life for the sum of five thousand dollars each and applied for and obtained from the Missouri State Life Insurance Company two policies of insurance on his life for the sum of five thousand dollars each; that at that time there was in force upon the life of the insured insurance in various companies in excess of $100,000; that at the time the said additional life insurance was taken out the insured contemplated taking his own life; that thereafter the insured attempted to take his own life by means of the voluntary inhalation of illuminating gas; and that his injuries of which this suit is brought resulted from such attempt.

It will be observed that it is not alleged that the policy in suit was taken out by the insured in contemplation of suicide, but that, on the contrary, it is alleged that the idea of suicide was first conceived by the insured in July, 1916, more than a year after the policy in suit was issued, so that the answer, stripped of its verbiage, really amounts to nothing more than a plea that the insured's injuries resulted from his own intentional act in attempting to take his own life; and this was the only issue submitted to the jury by the instructions.

The trial resulted in a verdict and judgment for defendant and the plaintiff appeals.

Upon the trial the court admitted in evidence over the objections of the plaintiff the pleadings and judgments in the case of Equitable Life Insurance Company v. Fred D. Bennett and the case of Missouri State Life Insurance Company v. Fred D. Bennett, instituted and prosecuted to final judgments in the circuit court of the city of St. Louis in 1917. The purpose of these suits was to cancel policies of insurance upon the life of Fred D. Bennett issued by said insurance companies. The petitions in these cases alleged that the policies sought to be canceled were taken out for the purpose of defrauding the insurance companies of the sums of money mentioned in said policies of insurance; that at the time the policies were taken out, the insured contemplated committing suicide, and that thereafter in September, 1916, the insured attempted to take his own life by asphyxiation. The

petitions also alleged that the insured in his application for the policies falsely represented that no life insurance company had ever examined him upon application for insurance without issuing a policy, and tendered the insured the premiums paid by him on the policies. The insured answered by his guardian, denying generally the allegations of the petition. In both cases the court upon the trials of said cases gave judgments in favor of the insurance companies, against the insured, canceling the policies issued by the companies, and gave judgments in favor of the insured, against the companies, for the premiums paid by him on the policies. The companies paid the amounts adjudged against them and the insured through his guardian accepted the payments and acknowledged satisfaction of the judgments.

Upon the admission of these judgments and pleadings, the plaintiff predicates reversible error. Defendant justifies the admission of the records on the grounds, that, though the defendant was not a party to these suits, the plaintiff, being a party thereto, is conclusively estopped to reopen an issue of fact adjudicated in these cases, or that if the judgments do not amount to a conclusive estoppel or bar, they are at least competent evidence in this case upon the issue of fact involved. The defendant proceeds upon the assumption that in rendering said judgments the court necessarily found and determined that the insured took out the policies involved in said cases in contemplation of suicide and afterwards attempted suicide, thus adjudicating an issue of fact determinative of this suit, and for the nonce we will proceed upon the same assumption.

The rule is fundamental that a matter once adjudicated by a court of competent jurisdiction may be invoked as an estoppel in any collateral suit when the same parties or their privies allege anything contradictory to it. The suit, however, must be between the same parties as those in the former suit, or their privies. It will not suffice that the party against whom an issue of fact was decided in the former suit is a party to the suit on trial and seeks to contradict the fact adjudged against him in

the former suit.    The judgment must conclude both parties or it will conclude neither.    Estoppels must be reciprocal and bind both parties; they operate only on parties and privies and can be used neither by nor against strangers.   He that shall not be concluded by the judgment shall not conclude another by it.   No person can bind another by any adjudication who was not himself exposed to the peril of being bound in a like manner had the judgment resulted the other way.   Nobody can take benefit by a verdict that had not been prejudiced by it had it gone contrary.   So read the authorities.   [State ex rel. Subway Company v. St. Louis, 145 Mo. l. c. 567, 46 S. W. 981; Henry v. Woods, 77 Mo. l. c. 280; Bells v. Hoagland, 15 Mo. l. c. 364; Simmons v. Chestnut-Gibbons Grocery Co., 173 Pac. (Okla.) l. c. 219; Jones v. Adler, 62 So. (Ala.) l. c. 779; Winston v. Starke, 12 Grattan (Va.) l. c. 319; Cecil v. Cecil, 19 Maryland, l. c. 78; 21 Corpus Juris 1067; 23 Cyc. 1238; 15 R. C. L., sec. 432, page 956; Chadima v. Kovar, 168 Iowa, l. c. 388; Davis v. Wood, 1 Wheaton (U. S.) 6.]

In view of the authorities, it is manifest that the judgments introduced in evidence upon the trial of this cause do not amount to a conclusive estoppel as between the plaintiff and defendant in this cause as to an issue of fact adjudicated by such judgments, and it is but a corollary to this conclusion that such judgments were not admissible upon the trial of this cause as evidence for the consideration of the jury in determining such issue of fact.   The course of reasoning that leads to the one conclusion leads inevitably to the other.   [Chadima v. Kovar, 168 Iowa, l. c. 388; Winston v. Starke, 12 Grattan, l. c. 319; Womach v. St. Joseph, 201 Mo. l. c. 491, 100 S. W. 443; Myers v. Maryland Casualty Co., 123 Mo. App. 682, 101 S. W. 124; State v. Roach, 21 Ann. Cas., l. c. 1183 and note 1184; Cluff v. Mutual Benefit Life Insurance Company, 99 Mass. 317; Marceau v. Travelers' Insurance Company, 101 Calif. 338; Omohundro v. Emerson, 80 Mo. App. l. c. 316.]

In Chadima v. Kovar, supra, the court states the rule as follows:

"There are few rules better settled than that a judg-

ment is not evidence of the truth of any fact therein adjudicated, except as between the parties thereto and their privies. . . . If a judgment is admissible at all upon any question of fact involved therein, it is conclusive, and if because of lack of identity of parties it is not conclusive, it is then not even a circumstance which the jury may consider on that point.''

In Winston v. Starke, supra, the court said:

''It was wholly irrelevant to the issue of fraud (if made up between these parties) that in another case, at a different time, between different parties, and upon other evidence, the same or a like issue had been decided. The fact that such decision had been made is immaterial, and could not be proved. With much less appearance of reason can it be said that the record might be used as evidence not only of its own existence, but also to prove the facts upon which the decision therein was rendered.''

So, too, in Womach v. St. Joseph, supra, in which case the proceedings and judgment in a suit by plaintiff's wife against the same defendant were admitted in evidence, it was held that ''the court should have excluded the judgment roll in the wife's case.''

Defendant's counsel argue that the judgments were admissible in evidence as solemn admissions on the part of the insured of the facts as therein adjudicated. The argument is untenable. The insured was brought into court against his will. He did not make default or affirmatively concede any of the allegations of the petitions, but appeared and answered, denying the allegations of the petitions, and contested the suits at every step in their progress to final judgments. Judgments so achieved cannot in any sense be regarded as evidence of admissions on the part of the insured of the facts as adjudicated or determined thereby. The view of defendant's counsel is not supported by the authorities. [St. Louis Mutual Life Insurance Company v. Cravens, 69 Mo. 1. c. 77; 2 Black on Judgments (2 Ed.), section 608; In re Blackburn, 41 Mo. App. 1. c. 633.]

Defendant's counsel further contended that the act of the insured in accepting payment of the judgments and acknowledging satisfaction thereof amounts to an admis-

sion of the facts as determined by the judgments. The contention is not well founded. The insured by accepting such payment of the judgments and acknowledging satisfaction thereof admitted nothing more than the finality and conclusiveness of the judgments as between the parties thereto, a fact which he could not dispute if he would.

Moreover, it may not properly be assumed or inferred that the court in rendering said judgments determined that the insured contemplated or attempted suicide, for the petitions alleged fraudulent misrepresentations as well as an attempt to commit suicide as grounds for the cancellation of the policies involved in said suits. The records disclose no specific findings of facts by the court in rendering said judgments, and the court may as well have grounded its judgments upon a finding of fraudulent representations as upon a finding of an attempt to commit suicide, so that in such state of the judgment rolls it remains after all a matter of conjecture as to how the court determined or adjudicated the issues of fact involved in said cases.

Counsel insist, however, that though the judgments be not competent evidence upon the issue of defendant's liability under the policy for the indemnity sued for, they are, nevertheless, competent evidence upon the issue of vexatious refusal to pay the indemnity. In support of this insistence, counsel rely upon decisions in actions for malicious prosecution wherein it is held that judgments in criminal prosecutions are competent evidence in actions for malicious prosecution upon the issue of probable cause for the prosecutions. Counsel cite and especially rely upon the decision of our Supreme Court in Hanser v. Bieber, 271 Mo. 326, 197 S. W. 68, in which decision, counsel contend, the court ruled that a judgment of conviction in a criminal prosecution, though reversed upon a trial de novo on appeal, is admissible upon the trial of a civil action arising out of such prosecution, as evidence tending to show probable cause for the prosecution. As we interpret the conflicting opinions in that case, the court did not affirmatively rule that such judgment of

conviction is admissible, but on the contrary declined to so rule.

There is, however, a broad distinction between actions for malicious prosecution and actions, such as this, upon insurance policies where the issue of vexatious refusal to pay the indemnity sued for is incidentally involved. In a civil action for malicious prosecution the criminal prosecution is the transaction out of which the civil action arises. In fact, the proceedings in the criminal prosecution and the prosecutor's performances in relation thereto make up the transaction which constitutes the cause of action sued on in the civil case. A conviction in the criminal prosecution is the direct result of the very act of the prosecutor for which he is sued in the civil case. It is on this ground manifestly that some of the courts hold that a judgment of conviction in a criminal prosecution, though reversed on appeal, is competent evidence in a civil action arising out of such prosecution, as tending to show the existence of probable cause for the prosecution, and others hold that such a judgment of conviction is conclusive evidence of the existence of such probable cause.

The judgment rolls introduced in evidence in the case here without doubt fall within the category of hearsay evidence. They are mere declarations of a third party. Moreover, they are not declarations of facts but of conclusions. No ultimate fact is declared. And upon what findings of facts the court based its conclusions is a mere matter of conjecture. We are constrained to hold that this character hearsay is not admissible even upon the issue of vexatious refusal to pay the indemnity sued for. The judgment rolls and all reference thereto should have been excluded from the jury.

Plaintiff also assigns as error the giving of instructions relating to the burden of proof upon the issues of accidental injury and attempted suicide. Inasmuch as it is stated in the briefs of counsel that instructions of substantially identical import are necessarily involved in the decision of the case of Griffin v. Continental Casualty Company, No. 23756, under submission in our Supreme

213 M. A.—28

Court en Banc, we do not rule upon this assignment of error.

The admission of the judgment rolls in evidence cannot be regarded otherwise than as extremely prejudicial, and the Commissioner, therefore, recommends that the judgment of the circuit court be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Allen, P. J., Becker* and *Daues, JJ.,* concur.