E. M. POWELL v. FANNIE A. HECKERMAN ET AL.

No. 336.

1. Estoppel—Accepting Former Judgment.—Suit by publication was begun against P. H. after her death, and under judgment against her therein her land was sold to the judgment creditor. A. H., her only heir, brought suit or bill of review to set aside that judgment and sale, but the court therein decreed her the proceeds of said sale, which she accepted without appealing the case. Afterwards she brought this action of trespass to try title for the land against one to whom the judgment creditor had conveyed it prior to her former suit. *Held,* that plaintiff was estopped from recovering the land.

2. **Judgment Affecting Title Enures to the Purchaser of the Land.**—A judgment in favor of defendant in an action involving the title to land enures to the benefit of one to whom the defendant conveyed the land by warranty deed before the institution of the suit, but who was not a party thereto.

APPEAL from Mitchell. Tried below before Hon. WILLIAM KENNEDY.

*Thomas F. Holloway*, for appellant.—1. Appellee Fannie A. Heckerman having elected to file a bill of review to secure a new trial in the first suit, and having recovered and accepted the proceeds of the sale made in that first suit, is precluded from now recovering the land so sold on execution. Rev. Stats., art. 1376; Stafford v. Harris, 17 S. W. Rep., 530; 2 Herm. on Estop., sec. 1051.

2. The judgment in the second suit, in favor of appellee Fannie A. Heckerman, against appellant E. M. Powell, for the proceeds of the execution sale in the first suit, and the satisfaction of that judgment, was in effect a transfer of all the benefical title of Fannie A. Heckerman in the land to E. M. Powell. Railway v. McKinsey, 78 Texas, 298, 300; Bradford v. Knowles, 78 Texas, 109; 1 Freem. on Judg., sec. 237; McCamant v. Roberts, 66 Texas, 260; Spencer v. Dearth, 43 Vt., 98; 2 Black on Judg., sec. 604.

3. The title that appellant E. M. Powell acquired by virtue of the decree in the second suit, number 97, and by the satisfaction of that decree, enured to the benefit of the appellee Western Land and Live Stock Company, by virtue of the warranty that Powell had before made to that company. Kramer v. Breedlove, 3 S. W. Rep., 561.

*West & McGown*, for appellees.—1. The court properly held that the judgment in favor of Powell & Gage against Fannie P. Heckerman and her husband was absolutely null and void, said suit being for a moneyed demand and foreclosure of an equitable lien against Mrs. Fannie P. Heckerman, she having been dead for nearly two years prior to the filing of that suit. Hooper v. Caruthers, 78 Texas, 437; Northcraft v. Oliver, 74 Texas, 169; Schmidt v. Miller, 71 Texas, 107; Meyers v. Evans, 68 Texas, 467; Abney v. Pope, 52 Texas, 288; Emmons v. Williams, 28 Texas, 777; Buchanan v. Monroe, 22 Texas, 537; Chandler v. Burdett, 20 Texas, 42; McMiller v. Butler, 20 Texas, 403; Robertson v. Paul, 16 Texas, 471; Conkrite v. Hart, 10 Texas, 141.

Besides, if she had been alive, they were nonresidents sued by publicacation, and the judgment was void. Anderson v. Stewart, 70 Texas, 588; The State v. York, 73 Texas, 651.

2. The judgment in this bill of review by Fannie A. Heckerman can in no sense be res adjudicata, because that suit was to set aside and annul a judgment and do equity between the parties on a moneyed demand.

This is a suit to recover land, which issue by the statutes was eliminated from the first case. There must be identity of causes of action or defense to establish this plea. Phillipowski v. Spencer, 63 Texas, 604.

3. The judgment in the case of Powell & Gage, under which E. M. Powell held, having been declared an absolute nullity by the court in the bill of review by Fannie A. Heckerman, and being void any way because obtained upon citation by publication upon a nonresident of Texas, passed no title to E. M. Powell. Brown v. Christie, 27 Texas, 77; Moody v. Moeller, 72 Texas, 638. On validity of judgment upon citation by publication, see authorities under first proposition of this brief.

STEPHENS, ASSOCIATE JUSTICE.—This action of trespass to try title was instituted by Fannie A. Heckerman, through her next friend, Ed D. Heckerman, against the Western Land and Livestock Company, to recover a section of land situated in Lubbock County, which was patented to Fannie P. Heckerman on the 18th day of September, 1883. The defendant in this suit vouched in the appellant, Powell, on the covenant of warranty contained in the conveyance of said land from Powell to it, made on the 22nd day of April, 1886.

Fannie P. Heckerman, who was a nonresident of the State of Texas, died on the 2nd day of April, 1882, leaving her minor child, said Fannie A. Heckerman, as her sole surviving heir. After her death, in the year 1884, appellant, Powell, and E. L. Gage, under the firm name of Powell & Gage, brought suit against Ed D. Heckerman and Fannie P. Heckerman, his wife, obtaining service by publication, and in September, 1885, recovered judgment in the District Court of Baylor County against said Fannie P. Heckerman in the sum of $200, with interest from the 18th day of September, 1883, together with costs of suit, and $15 attorney fees, adjudged to an attorney appointed by the court to represent the absent defendants; in which judgment it was further decreed, that the lien as it existed on the 18th day of September, 1883, upon said land be foreclosed, and the clerk of the court was directed to issue an order of sale, as in such cases provided.

Under this decree a sale was made by the sheriff to said Powell, who executed a deed in terms conveying all of the estate, right, title, and interest which the said Fannie P. Heckerman had on the 28th day of February, 1884, or at any time afterwards, in and to said land, which sale was made in December, 1885.

In July, 1887, suit was brought by Fannie A. Heckerman and Ed D. Heckerman, her father and next friend, against Powell & Gage, in the District Court of Baylor County, alleging the invalidity of the prior judgment, on the ground that said Fannie P. Heckerman had died long prior to the institution of that suit, setting up the execution sale of the land in controversy under the order of sale issued under that judgment;.

alleging that said land had been purchased by said Powell, and that because of said void sale a cloud had been cast upon their title to said land; offering to pay the debt merged in said judgment; and praying, on final hearing, for a review of said cause, and that said judgment be set aside, and that the cloud cast upon their title because of said execution sale be removed, and that they be quieted in their title as against the same. Powell & Gage appeared by attorney and answered by a general denial. On the 21st day of April, 1888, the following judgment was entered:

" Now on this day came the parties by their attorneys and announced ready for trial.  A jury being waived, the issues, both of law and fact, were submitted to the court, the evidence and argument of counsel being heard and fully understood.  It is therefore considered, ordered, and adjudged by the court, that the plaintiffs, Ed A. Heckerman and Fannie A. Heckerman, have and recover of and from the defendants, E. M. Powell and E. L. Gage, the sum of $125, the proceeds of the sale made by virtue of the executions issued under the judgment sought to be declared null and void, for which let execution issue.  That defendants have and recover of and from said plaintiffs the sum of $260, the same being the amount, both principal and interest, of debt due said defendants by these plaintiffs, for which let execution issue.

" That the judgment rendered in favor of Powell & Gage, the said defendants, against Fannie P. Heckerman, on the 19th day of September, 1885, for the sum of $200, with interest thereon at the rate of 8 per cent per annum from the 18th day of September, 1883, in the District Court of Baylor County, Texas, be and the same is hereby declared null and void and of no further force or effect.  That the said plaintiffs pay all costs in this behalf expended, for which let execution issue."

Both parties excepted to this judgment and gave notice of appeal, but none was ever perfected.  On the 18th of August, 1888, Ed D. Heckerman and Fannie A. Heckerman, through their attorneys, paid to the attorneys for defendants therein, in full satisfaction of said judgment, $135, as appears from an entry on the margin of this judgment.

*Conclusions of Law.*—The District Court held the judgment against Fannie P. Heckerman void because of her death prior to the institution of the suit, and this conclusion seems to us to be a sensible one; but we are unable to reconcile it with the decision of our Supreme Court in Taylor v. Snow, 47 Texas, 462, and cases there cited.  It may be that an execution sale under this judgment should be held void, though the judgment itself be not so declared.  Northcraft v. Oliver, 74 Texas, 169; Hooper v. Carruthers, 78 Texas, 437.

The controlling question in the case, however, is, Did the judgment rendered in the suit brought by appellee and her next friend against the plaintiffs in the first judgment, one of whom was the purchaser at the

execution sale, bar the right of recovery in this suit? That action was evidently brought under article 1373 et seq. of the Revised Statutes, providing for a bill of review, and mainly for the purpose of removing the cloud cast on the title to the land in controversy by the execution sale. The relief sought was not, therefore, the relief provided in article 1376, but the judgment rendered gave none other.

That the controlling purpose of that suit must have been to avoid the effect of the execution sale of the land, is manifest. The debt and lien declared by the prior judgment were not disputed, but on the contrary the amount of this debt they offered in the second suit to pay, and the court gave judgment against them for the full amount thereof, declaring the first judgment rendered therefor void, and further gave judgment in their favor for the proceeds of the execution sale. The court clearly by this judgment intended that appellee should accept the proceeds of the land sale in lieu of the land itself, and hence did not reforeclose the lien, and did not remove the cloud, as prayed, from the title, but gave judgment against them for the costs. This was probably an erroneous judgment. It is only where the defendant in the original suit "defeats the plaintiff's cause of action" that article 1376 in terms applies. Here the validity of the cause of action was admitted. We think, also, that it has no application to a void sale.

But appellee failed to appeal from that judgment, elected to take the proceeds of the sale therein awarded, and is consequently bound thereby. If the value of the land exceeded the amount of these proceeds (on which there is no direct proof in the record), it would seem that appellee is the victim of the mistake of her next friend in not appealing from that erroneous judgment. Having recovered the proceeds of the sale, she should not also be allowed to recover the land, unless the fact that the Western Land and Livestock Company, to which Powell had previously conveyed the land by deed with general warranty, was not made a party to that suit prevents the judgment therein from operating in its favor.

The effect of a judgment in such case was to some extent considered by us, but not passed upon, in the case of Vaughan v. Foster, decided January 24, 1894. We there recognized the doctrine, that ordinarily an estoppel to be effectual must be mutual. The livestock company not having been made a party to that suit, could not have been bound by the judgment therein, and it would seem to result that it should not, for that reason, derive any benefit by way of estoppel therefrom. The case of Kramer v. Breedlove, 3 Southwestern Reporter, 531, however, holds that a judgment in such case enures to the benefit of the grantee in a deed with general warranty made prior to the suit and recovery by the grantor. True, that decision might be sustained under the facts of that case on the ground of a privity of interest, the grantee having entered into an agree-

ment with the grantor for the suit to be brought to quiet title in the name of the latter (Wells on Res Adjudicata, section 27); but the court, speaking through Justice Stayton, did not place the decision upon this ground, but stated the ground thus: "Wilkins having sold to Kramer by a deed with general warranty, the judgment enures to his benefit, and will protect him as fully as though he had been a party to the suit." The judgment seems to have been treated as a conveyance of the title.

It follows, that if Powell had brought suit against Fannie A. Heckerman to quiet his title under the execution sale, and had prevailed, this statement of the ground of that decision would certainly be directly in point. Can it be less so because she, through her next friend, was the plaintiff in the suit, put the title in issue, and failed to recover? We think not. The application of the principle announced in Kramer v. Breedlove, supra, seems peculiarly appropriate here, because the real controversy is between appellee Heckerman and the warrantor, Powell, the livestock company, by not appealing, having acquiesced in as satisfactory its judgment on the warranty.

In view of the minority of appellee pending the litigation discussed in this opinion, and of the probable hardship resulting from the failure of her next friend to appeal from the second judgment, we have sought to find some ground upon which the judgment in this case might be affirmed in harmony with the decisions of our Supreme Court, but have been unable to do so.

Our conclusion, then, is, that the judgment should be reversed and here rendered for the appellant and the Western Land and Livestock Company.

*Reversed and rendered.*

Delivered February 7, 1894.