Southern Pine Lumber Company v. Rogers and Ward et al.

Decided June 8, 1901.

Judgment—Mutuality—Estoppel.

For a judgment to create an estoppel, it is essential that its operation be mutual; and where appellant was not a party to an action in which appellee R., as trustee for one bank, asserted and successfully maintained the priority of a certain trust deed, appellant can not invoke the judgment therein to estop R., as receiver for another bank, from attacking the validity and priority of the trust deed in a subsequent and different action.

Appeal from Marion. Tried below before Hon. W. J. Graham.

*George J. Armistead* and *Charles S. Todd,* for appellant.

*F. H. Prendergast,* for appellee.

RAINEY, CHIEF JUSTICE.—This is the second appeal of this case. There is no controversy as to the facts, and for our conclusions of the facts reference is made to the former disposition of the case which is reported in 21 Texas Civil Appeals, 48, where a full statement will be found. The facts are practically the same as on the former appeal, and no additional finding is here deemed necessary. With one exception all the issues here raised were fully discussed in the former opinion and the conclusions there reached are adhered to.

The issue not discussed in the former opinion is raised by appellant's second assignment of error, which is as follows: "The plaintiffs are estopped from denying the validity of the Camp deed of trust by the proceedings and judgment in the case of National Bank of Commerce v. Kildare Lumber Company (see 69 Federal Reporter, 2) in the United States Circuit Court, Eastern District of Texas, to which appellees were all parties, and under which decree they claim the property in controversy."

The National Bank of Commerce of Kansas City, Mo., filed its bill in the United States Circuit Court for the Eastern District of Texas, against the Kildare Lumber Company, W. B. Ward, T. J. Rogers, as assignees of the Citizens Bank of Jefferson, and others, for the foreclosure of deed of trust executed by the Kildare Lumber Company to L. S. Schluter, trustee. In that suit defendant, W. B. Ward (plaintiff herein), filed his answer and cross-bill praying foreclosure under the Schluter deed of trust of his claim against the Kildare Lumber Company for $4500 and interest. The defendant T. J. Rogers, as assignee of the Citizens Bank, filed his answer and his cross-bill, asking foreclosure of the Camp deed of trust, by which the Citizens Bank's claim for $11,000 (as well as appellant's) was secured.

Upon this state of pleading,—neither Ward nor the National Bank of Commerce denying the validity and priority of the Camp deed of trust set up by Rogers,—the court rendered its decree, first, foreclosing the

Camp deed of trust in favor of Rogers, assignee, as a first lien for $11,951.36, and then foreclosing in favor of the National Bank of Commerce and W. B. Ward (both plaintiffs herein) the Schluter deed of trust as a second mortgage. Under this decree of foreclosure plaintiffs became the purchasers for $45,000; S. J. Fitzhugh purchasing for the National Bank of Commerce, and W. B. Ward for himself, and, as he claims, for Rogers as receiver of the National Bank of Jefferson. Under this purchase the plaintiffs claim in the following proportions: National Bank of Commerce, 73 per cent; Rogers, as receiver National Bank of Jefferson, 15 per cent, and W. B. Ward, 11 per cent.

In that case plaintiff Rogers, as a trustee for the Citizens Bank of Jefferson, asserted and successfully maintained the validity and priority of the Camp deed of trust, and collected nearly $12,000 thereby; in the case at bar the same Rogers, as receiver for the National Bank of Jefferson, denies not only the priority but the validity of the Camp trust deed.

The other plaintiffs, National Bank of Commerce and W. B. Ward, did not controvert by pleading or otherwise the claim of Rogers for priority over them of the Camp trust deed, but submitted to such a decree, and purchased and now claim the property thereunder. The appellant Southern Pine Lumber Company was not a party to that suit, nor was the National Bank of Jefferson.

For a judgment to create an estoppel, it is essential that its operation be mutual. 2 Black on Judg., sec. 548. Judgments as a rule bind only parties thereto and their privies. Id., sec. 600.

The appellant, not having been a party to the suit in the Federal Court, is not bound by the judgment rendered therein, nor, had the Camp trust deed been adjudged void in that proceeding, would its rights be affected thereby; hence it follows that said judgment can not be invoked by appellant to estop the appellees from attacking the Camp deed of trust.

The judgment of the court below is affirmed.

*Affirmed.*

### ADDITIONAL CONCLUSIONS OF FACT.

At the request of appellant we find the following additional conclusions of fact, to wit: 1. The order of sale of property made by the District Court of Marion County, Texas, in the receivership suit of Galveston National Bank v. Jefferson National Bank et al., made January 21, 1892, contains the following statement: "And that the sale conveying the title and interest therein of the Jefferson Lumber Company, as it stood on July 21, 1891, as to such as it then owned, and all the property as it now stands, and that said sale be made without prejudice to the rights of any person or persons, corporation or corporations, asserting any lien or title to said property or any of it."

2. The deed made by the commissioners in pursuance of the sale under said order of sale to W. B. Ward and others contained the follow-

ing recital: "It being understood that the above and foregoing property herein conveyed and transferred is sold under the order of the District Court of Marion County, Texas, subject to a deed of trust executed and delivered by J. H. Bemis, president of the Jefferson Lumber Company, to W. R. Camp, trustee, July 7, 1891, and duly recorded in the County Clerk's office in Cass County, Texas, in book D of mortgages, pages 199-215."

3.   In the suit in the United States Circuit Court, Eastern District of Texas, of National Bank of Commerce of Kansas City v. Kildare Lumber Company, W. R. Camp, as trustee in the above mentioned trust deed, was an original party defendant, and appeared and disclaimed, and the suit was dismissed as to him."

Writ of error refused.