**URBAN et al. v. HARRIS COUNTY.***

(No. 8295.)

(Court of Civil Appeals of Texas. Galveston. April 19, 1923. Rehearing Denied May 10, 1923.)

**1. Sheriffs and constables ⬳17—In city of more than 20,000 population, constable not limited to two deputies.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 3903, which, in effect, provides that a constable holding office in a city of more than 20,000 inhabitants may appoint such number of deputies as the county judge may decide to be necessary, being inconsistent with article 7137, restricting the number of deputies to no more than two in cities of 8,000 or more inhabitants, supersedes the latter, as being in conflict if both are made to apply to cities of more than 20,000.

**2. Evidence ⬳12 — Judicial notice taken that Houston has more than 20,000 population.**

Judicial notice will be taken of the fact that the city of Houston, in justice precinct No. 1, Harris county, has a population largely in excess of 20,000.

**3. Estoppel ⬳62(3)—County not estopped by acts of officers outside of their statutory powers.**

A county cannot be estopped by the unlawful acts of its officers, and such officers cease to be agents when acting outside or beyond authority conferred on them by statute.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Harris County against Jesse Urban and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Fulbright & Crooker, of Houston (T. H. Cody and G. F. Howard, both of Houston, of counsel), for appellants.

Campbell & Nicholson and Dannenbaum, Amerman & Sears, all of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant Jesse Urban and the sureties upon his official bond as constable for justice precinct No. 1 of Harris county, to recover the sum of $1,955.87, fees of office alleged to have been unlawfully retained by said appellant. The amount sought to be recovered were fees of office received by appellant during the two years, from November 16, 1916, to November 30, 1918, which the petition alleges was in excess of the amount of such fees that appellant could lawfully retain from the appellee.

As developed by the pleadings and evidence, the case presents but two questions: First, whether article 3903, Vernon's Sayles' Civil Statutes, providing for the appointment by county and precinct officers named in the maximum fee bill statute of such number of deputies as the county judge upon the sworn application of the officer shall be of opinion are necessary for the efficient performance of the duties of the office, repeals, in so far as it affects offices coming under the provisions of the fee bill statute, article 7137 of Vernon's Sayles' Civil Statutes, which provides that in a justice precinct in which there is a city of 8,000 or more inhabitants the constable of such precinct shall not appoint more than two deputies; second, whether the appellant having complied with the provision in article 3903 and having been authorized by the county judge of Harris county to appoint more than two deputies and to pay for their services out of the fees of office received by him, and the county having received the benefit of the services of said deputies, appellee is estopped to recover from appellant the fees of office so paid by him for the services of said deputies.

The case was tried in the court below upon an agreed statement of facts. This agreement, after reciting the election and qualification of appellant Jesse Urban, his retention of the office during the two years before mentioned, the amount of fees collected by him, and the amount which he might lawfully retain if he was not entitled to more than two deputies, contains the following:

"That during all of such time the defendant Urban continuously employed an additional number of deputies in excess of the two referred to in paragraph III above, and which additional deputies were appointed strictly in accordance with the provisions of article 3903, Revised Civil Statutes of the state of Texas (including grant of the authority for the appointment of same by the county judge of Harris county, Texas), and to which additional deputies the defendant Urban paid as compensation for their services an amount of money equal to the difference between the total amounts collected by him as set forth in paragraph II above, and the amounts to which he was entitled for the corresponding period of time as set forth in paragraph III above, said compensation so paid by the defendant Urban to such additional deputies, as aforesaid, being an amount of money in excess of $734.31 during the period from November 16, 1916, to November 30, 1917, inclusive, and in excess of $1,221.46 during the period from December 1, 1917, to November 30, 1918, inclusive, and that if the defendant Urban was not during such time, as a matter of law, limited in the number of deputies which he might have at one time to not more than two, then plaintiff is not entitled to recover any amount herein. If, however, the said Urban was limited by law to no more than two deputies at the same time, during such time, then the plaintiff is entitled to recover from defendant Urban the following amounts as fees collected and not paid into the county treasury, as required by law, for said periods of time, as follows:

"November 16, 1916, to November 30, 1917, inclusive, $734.31, with interest from said last-

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused June 13, 1923.

mentioned date, at the rate of 6 per cent. per annum, until paid.

"December 1, 1917, to November 30, 1918, inclusive, $1,221.48, with interest thereon from said last-mentioned date, at the rate of 6 per cent. per annum, until paid.

"And likewise the plaintiff is entitled to recover from the sureties upon his official bond the sum of $1,500 for the entire period from November 16, 1916, to November 30, 1918."

It was further agreed that there was a city of more than 8,000 inhabitants in justice precinct No. 1 of Harris county.

The cause was submitted to the court without a jury, and upon the pleadings and agreed statement of facts judgment was rendered in favor of appellee against appellant Urban for $1,850.50, and against the sureties upon his official bond for the sum of $1,500.

Under appropriate assignments of error and propositions, appellant contends that both of the questions above stated should be answered in the affirmative. While neither of these questions is entirely free from doubt, we agree with appellants in their first contention, but do not think the second can be sustained.

In 1885 the Legislature passed the act which is now article 7137 of the Statutes above cited, and which provides:

"There shall be elected at each general election by the qualified voters of each justice's precinct a constable for such precinct, who shall hold his office for the term of two years, and until his successor is elected and qualified; provided, that, when in any such justice's precinct there may be a city of eight thousand or more inhabitants, such constable may appoint no more than two deputies, who shall qualify as required of deputy sheriff."

There was added by amendment of 1897 the following article 7138:

"*Only One Deputy.*—Be it further provided. that, in cities and towns of twenty-five hundred or more inhabitants, said constable may appoint no more than one deputy, who shall qualify in such manner as is required by law."

In 1889 the Legislature passed an act, which is now article 7125 of the Statutes, limiting the number of deputies that a sheriff might appoint.

At the time the above acts were passed this state had no maximum fee bill statute, and all officers who received their compensation from fees of office were allowed to retain all of the fees collected by them, the amount of the fees charged being fixed by the statute. This being so, it is evident that the sole and only purpose of the Legislature, in the enactment of these statutes which restricted the common-law right of an officer to appoint as many deputies as he desired, was to limit the number of persons authorized to carry arms of any kind and in any place, and exercise the authority of executive officers of the state and county.

In 1897 the Legislature passed the act known as the "Maximum Fee Bill" (Acts Sp. Sess. 25th Leg., c. 5), which limits the amount of fees which the officers named in the act were allowed to retain as compensation for their official services. This act contained a provision in regard to the appointment of deputies identical with the provision of article 3903, which is as follows:

"Whenever any officer named in articles 3881 to 3886 shall require the service of deputies or assistants in the performance of his duties, he shall apply to the county judge of his county for authority to appoint same; and the county judge shall issue an order authorizing the appointment of such a number of deputies or assistants as in his opinion may be necessary for the efficient performance of the duties of said office. The officer applying for appointment of a deputy or assistant, or deputies or assistants, shall make affidavit that they are necessary for the efficiency of the public service, and the county judge may require, in addition, a statement showing the need of such deputies or assistants; and in no case shall the county judge attempt to influence the appointment of any person as deputy or assistant in any office."

It also fixed the amount to be paid each deputy and directed that the county judge in issuing his order granting authority for the appointment of deputies should state the number of deputies and the amount to be paid each. The act expressly repeals all laws, or parts of laws, in conflict therewith.

In 1913 (Laws 1913, c. 142) this statute was amended by changing the amount allowed to be paid deputies. The caption of the act making this amendment contains the following statement of its purpose and contents:

"An act to amend article 3903, chapter 4, title 58 of the Revised Civil Statutes of 1911 of the state of Texas, relating to the appointment by certain officers, named in articles 3881 to 3886 of the Revised Civil Statutes, of deputies or assistants in the performance of the duties of such officers where such assistants or deputies are necessary for the efficiency of the public service; providing for an application to be made by such officers to the county judge of the county for authority to appoint same; prescribing the issuance by the county judge of an order authorizing the appointment of such deputies or assistants; providing that the officer desiring such deputies or assistants shall make affidavit that such deputies or assistants are necessary for the efficiency of the public service."

As originally passed, the Maximum Fee Bill Act provided that it should not apply to constables holding office in cities of less than 15,000 inhabitants, and, by amendment passed in 1913, this exception was extended to constables in cities of less than 20,000 inhabitants.

[1] We think the provisions of article 3903 above quoted, which, in effect, provides that

a constable holding office in a city of more than 20,000 inhabitants may appoint such number of deputies as the county judge may decide, upon application of the constable, to be necessary for the efficient performance of the duties of the office, supersedes as to cities of more than 20,000 inhabitants the provisions of article 7137, which restricts the number of such deputies to not more than two in cities of 8,000 or more inhabitants.

. These articles of the statutes are apparently inconsistent, and in conflict with each other, if both are made to apply to cities of more than 20,000 inhabitants. Repeals by implication are not favored and the courts are not authorized to declare a statute repealed by a subsequent legislative act which does not expressly repeal the prior act, unless the two acts are so conflicting that both cannot stand. As a corollary to this rule it is the duty of the courts to harmonize, if possible, apparent conflicts in statutes so as to give effect to both and carry out the full legislative intent. 36 Cyc. 1075, 1076; Jessee v. De Shong (Tex. Civ. App.) 105 S. W. 1011; Garrison v. Richards (Tex. Civ. App.) 107 S. W. 861.

There are two ways in which the seeming inconsistencies in these statutes may be harmonized. The provision of the fee bill statute, which authorizes the appointment of such deputy constables as the county judge may be of opinion are necessary for the efficient performance of the duties of the office, may be construed as qualified by the provisions of article 7137, which restricts the number of such deputies to two.

This is the construction contended for by appellee and given the statute by the trial court. The other construction which would harmonize the inconsistencies and allow both statutes to stand is to restrict the application of article 7137 to cities of less than 20,000 inhabitants. We think this construction is in accord with the intention of the Legislature in the enactment of article 3903 as shown by the language of the article and of the caption of the act amending this article in 1913 which we have before set out.

The fee bill act by its unequivocal language shows that in its enactment the Legislature intended to provide a uniform method for determining the number of deputies that each of the officers named therein might appoint and prescribe and regulate the manner of such appointments, and there is nothing in the act to indicate that it was the legislative thought or intent that the express grant of authority therein given constables in cities of more than 20,000 inhabitants to appoint such number of deputies as the county judge should decide necessary for the performance of the duties of the office should be restricted to two, as provided in article 7137. To impute this intention to the Legislature would be to disregard the fundamental principle adopted and declared by it in authorizing the appointment of all deputy officers necessary for the efficient performance of the duties of the office. That the efficient performance of the duties of the office of constable in a city of more than 20,000 would ordinarily require the appointment of more deputies than in a city of 8,000 goes without saying; and the provisions of the statute giving the county judge the authority to determine the number of deputies is so consonant with reason, and so fair alike to the officer and the public, that we cannot bring ourselves to believe that the Legislature did not intend, as the language of the act indicates, that it should apply without any restriction to cities of over 20,000 inhabitants. This construction of these statutes is in accordance with well-established rules of statutory construction.

In Sutherland on Statutory Construction, vol. 2, p. 8, it is said:

"A new statute, which affirmatively grants a larger jurisdiction, or power, or right, repeals any prior statute, by which a power, jurisdiction, or right less ample or absolute has been granted. 'If the exercise of a power granted by a legislative act may include going beyond limits fixed by a prior statute, such limit is impliedly removed, at least so far as it conflicts with the doing of that which is subsequently authorized."

[2] The courts will take judicial knowledge of the fact that the city of Houston, in justice precinct No. 1 of Harris county, has a population largely in excess of 20,000.

It follows from our construction of the statute before cited that appellant Urban was entitled to retain out of the fees of office collected by him the salaries for all of the deputies which the county judge of Harris county had authorized him to appoint under the provisions of article 3903 of the statute above cited.

[3] As before said, we cannot agree with appellants in the contention that, regardless of whether the statute authorized the appointment of more than two deputy constables, the appellee, under the facts of this case, is estopped from recovering the fees retained by the constable for the payment of the salaries of deputies which the law forbade him to appoint.

A county cannot be estopped by the unlawful acts of its officers, and such officers cease to be agents of the county when they act outside or beyond the authority conferred upon them by the statute. The enforcement of this rule is necessary for the protection of the public, and our courts have uniformly upheld it. Tarrant County v. Butler, 35 Tex. Civ. App. 421, 80 S. W. 659; School Trustees, Dist. No. 25, Harris County, v. Farmer, 23 Tex. Civ. App. 39, 56 S. W. 555; Bell County v. Felts (Tex. Civ. App.) 120 S. W. 1072; Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S. W. 480; Thomason v. Upshur County (Tex. Civ. App.) 211 S. W. 325.

For the reason above indicated, the judgment of the trial court is reversed, and judgment here rendered for appellants.

Reversed and rendered.