## CHAPMAN v. MORRISON et al. (No. 7524.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1925.)

**1. Appeal and error ⊂⇒2—Act of Legislature held not to destroy right to writ of error.**

Acts 39th Leg. (1925) c. 18, amending Rev. St. 1911, art. 2078, authorizing writs of error, *held* not to destroy right to writ of error, notwithstanding omission of reference to such writs in caption of amending act.

**2. Appeal and error ⊂⇒2—Statutes held to authorize writs of error.**

Rev. St. 1911, arts. 2082 and 2087–2097, and Rev. St. 1925, arts. 2252, and 2256–2265, give right to writs of error, without assistance of Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925) c. 18.

Error from Cameron County Court; Oscar C. Dancy, Judge.

Suit by the Planters' State Bank of Harlingen against G. R. Morrison and others, wherein J. L. Chapman and another intervened. Judgment adverse to intervener named was entered, and he brings error. On motion to dismiss the writ. Motion overruled.

H. W. Williams, of Brownsville, and Rabel & Hornaday, of Harlingen, for plaintiff in error.

Seabury, George, Taylor & Polk, of Brownsville, for defendants in error.

FLY, C. J. This suit was originally instituted by the Planters' State Bank of Harlingen to recover of I. R. Calloway, B. H. Noffziger, and G. R. Morrison the sum of $517.50, as evidenced by a promissory note, and to foreclose a chattel mortgage on one Sampson tractor and Avery three-disk plow. Morrison alone answered, and L. G. Strader intervened. Afterwards J. L. Chapman, banking commissioner of Texas, intervened, alleging the insolvency of the bank, and that he had closed the same and had taken over its assets and was liquidating its affairs.

[1] Defendants in error seek to dismiss the writ of error herein on the ground that the Legislature, in 1925. so amended article 2078, Revised Civil Statutes of 1911, as to omit writs of error from the article and name only appeals therein. Acts of 1925, p. 45. The caption of that act shows that the object of the amendment was to "provide for appeals from orders granting motions for new trial." No reference whatever is made to changing the article so as to destroy an important privilege of the citizen enjoyed by him ever since the state came into existence. If it was the intention to destroy that privilege, then the statute is clearly unconstitutional, in that the title does not state that the act was passed to destroy the right to a writ of error and only allow the right of appeal. Const. art. 3, § 35.

The law is clearly unconstitutional and inoperative as to writs of error, but it may be that it is valid under the provision of the Constitution cited, the concluding language of the same section, which permits a statute to be valid as to the subject stated in the caption, while invalid as to a subject not named. That, however, does not concern this court at this time, and we withhold any decision except that the act did not destroy the right to a writ of error.

[2] If the Legislature had named in its caption that it was intended to deny writs of error, the act did not accomplish that purpose, because there are provisions in succeeding articles of the chapter that provide for writs of error. In article 2082, Revised Statutes of 1911, as well as in article 2252, Revised Statutes of 1925, it is provided for certain appellations to be given those suing out writs of error, and in succeeding articles in the same chapter, in both the Code of 1911 and of 1925, provision is made for obtaining writs of error within six months after final judgment, and clear instructions are given in old articles 2087 to 2097. and new articles 2256 to 2265, as to the procedure when a writ of error is desired. The articles cited, without assistance from the article amended by the Legislature, would give the right to writs of error.

The motion to dismiss is overruled.