SCALING v. WILLIAMS, County Judge, et al.
(No. 11644.)

(Court of Civil Appeals of Texas. Fort Worth. March 27, 1926. Rehearing Denied May 8, 1926.)

1. **Highways** &llhard;90—Road district established and bonds issued under invalid statutes held without enforceable existence (Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 627, 631, 634, 637, 2827, 2836; Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 628; Const. U. S. Amend. 14).

Road district established and bonds issued under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 627, 631, 634, 637, 2827, 2836; Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 628, *held* without enforceable existence, since such statutes are invalid, being in violation of due process clause of Const. U. S. Amend. 14.

2. **Courts** &llhard;97(1)—Court of Civil Appeals is bound by decree of United States Supreme Court on subjects within its lawful jurisdiction.

Decree of United States Supreme Court on subjects within its lawful jurisdiction is supreme law of land and Court of Civil Appeals is bound thereby.

3. **Judgment** &llhard;91—Plaintiff attacking road bonds and submitting case on written agreement, on which judgment was rendered, that part of them were valid held not estopped to deny validity of all bonds after subsequent decision of U. S. Supreme Court declaring statutes under which they were issued invalid. (Const. art. 8, § 1).

Plaintiff attacking road bonds and submitting case on written agreement, on which judgment was rendered, that part of them were valid *held* not estopped to deny validity of all bonds after subsequent decision of U. S. Supreme Court declaring statutes under which they were issued invalid, since rule of invited error is but deduction from doctrine of estoppel, defendants were not bound by judgment, in view of Const. art. 8, § 1, and estoppels must be mutual.

4. **Appeal and error** &llhard;882(1)—Where party, by request for ruling, leads court into error, he should be precluded from claiming reversal.

Where party, by request for ruling, leads court into error, he should be precluded from claiming reversal of judgment by reason of error so committed.

5. **Judgment** &llhard;91—"Consent judgments" are in effect mere contracts or voluntary settlements entered on minutes of court.

"Consent judgments" are in effect mere contracts or voluntary settlements between parties entered on minutes of court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consent Judgment.]

6. **Counties** &llhard;47.

Commissioners' courts have such powers only as are given them by authorized law.

7. **Estoppel** &llhard;62(3)—Principal of estoppel cannot properly be applied to county when it acts as subdivision of state in aid of state's sovereign powers.

Principal of estoppel is not ordinarily applicable to state, and cannot properly be applied to county, when it acts as subdivision of state in aid of state's sovereign powers.

On Motion for Rehearing.

8. **Appeal and error** &llhard;1175(1)—Judgment held properly rendered on writ of error in proceeding attacking road bonds issued under invalid statute, though purchasers were not made parties.

Judgment *held* properly rendered on writ of error in proceeding attacking road bonds is-

sued under invalid statute, though purchasers were not made parties, where record proper did not show that bonds were sold, since judgment is binding only on parties and privies to suit.

**9. Appeal and error ⬡⬡2.**

Right to appeal by writ of error, filed February 6, 1926, *held* not barred by Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925), c. 18.

Error from District Court, Clay County; Vincent Stine, Judge.

Suit by H. S. Scaling against J. P. Williams, County Judge, and others. Judgment entered on written agreement submitted by the parties, and plaintiff brings error. Reversed and rendered.

Doty & Watkins, of Fort Worth, for plaintiff in error.

Wantland & Glasgow, of Henrietta, and J. P. Williams, of Wichita Falls, for defendants in error.

CONNER, C. J. This suit was instituted by H. S. Scaling against J. P. Williams, county judge, and members of the commissioners' court of Clay county, on July 8, 1925.

Plaintiff alleged that on May 31, 1924, by "order duly made," the commissioners' court established road district No. 7 of Clay county, 25 miles in length north and south and 5 miles in width east and west; that, acting on a petition previously filed, the court ordered an election to be held on July 8, 1924, to determine whether bonds of the district for $60,000 should be issued for constructing and maintaining hard-surface roads in the district; and that on July 8, 1924, the result of the election was declared to be in favor of the issuance of the bonds, and it was ordered that they be issued.

The bonds were attached to the plaintiff's petition, and alleged to be invalid because of certain irregularities that need not be mentioned, but no attack was made upon the validity of the law authorizing the formation of such road district, nor upon the general power of the commissioners' court to make the orders and take the steps they did for the purposes specified.

The record further discloses that on October 8, 1925, the plaintiff and all defendants in the suit appeared, waived a jury, and submitted the cause upon a written agreement, which, omitting formalities and parts unnecessary to set out, reads as follows:

"It is agreed between the plaintiff and defendants in the above entitled and numbered cause as follows:

"The plaintiff have judgment declaring void and canceling $49,000 of the $60,000 of bonds in controversy, all of which bonds are dated October 1, 1924, and are for the sum of $1,000 each and numbered from one (1) to sixty (60) and bearing interest from date thereof at the rate of 5½ per cent. per annum, said bonds to be canceled being the following: [Here follows a specification of the several bonds to be canceled, aggregating $49,000].

"That the following bonds be declared valid and in full force and effect the same as they would be had this suit not been brought, and are in no way to be affected by this suit except to declare them valid. [The several bonds aggregating $11,000 to be validated are here set forth.]

"That as to the foregoing bonds for the sum of $11,000 declared legal and in full force and effect, the injunction and all other relief asked for is denied plaintiff, and all action taken or hereafter taken by the defendants, in this suit is not to be affected by this suit any further than to declare the said bonds legal and valid.

"That as to the said $49,000 bonds herein declared void and to be canceled, the injunction asked be granted, and the sale of said bonds prohibited, and the levy of any tax for same for the year 1925 and subsequent years is enjoined, and no further tax is to be levied or collected for same or any part thereof, and the taxes already levied and collected for same is to be returned to the respective taxpayers who paid said tax, or what part of said tax remains, after first paying all costs and expenses connected with, or incident to, the issue of said bonds, and also the costs of this suit, and M. M. Alexander, county auditor of Clay county, Tex., be appointed auditor to audit and arrive at the correct amount of costs and expenses incident to or in any way connected with the issuance of said bonds canceled, and after paying said costs and expenses, the balance of the taxes collected for said canceled bonds shall be refunded and paid to the respective taxpayers who paid same, pro rata according to the amount that has been paid by each one respectively.

"That the said road district No. 7 is declared valid, and is in no manner to be affected by this suit, except to declare its validity, and is to remain in full force and effect the same as if this suit had not been filed.

"That plaintiff H. S. Scaling pay his pro rata part of the tax for the year 1924 required to discharge the costs and expenses and hereintofore set forth, and that he pay all of the taxes for the year 1924 required for the said bonds herein declared valid and for subsequent years on same as levied and assessed."

The agreement was signed by the counsel of the respective parties litigant, and the court entered judgment thereon pursuant to its terms, decreeing the several bonds, aggregating $49,000, to be "illegal and void," canceling them, and that the several bonds aggregating $11,000 were "valid and in full force and effect the same as they would be had this suit not been brought, and are in no way to be affected by this suit, except to declare them valid."

To the judgment, which embraces the agreement, neither party excepted, gave notice of appeal, or prepared and filed bills of exceptions or statement of facts, but the plaintiff, H. S. Scaling, within the time prescribed by our law, to wit, on February 6,

1926, filed in the court below his petition and an approved bond for a writ of error. The citation. in error was duly served, and the case is now before us for reversion on the errors alleged.

[1] The Texas Statutes (Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 627), provide: "Any county * * * or any political subdivision or defined district, now or hereafter to be described and defined, of a county," is authorized to issue bonds not to exceed one-fourth of the assessed valuation of real property in the district, for the construction, maintenance, and operation of macadamized, graveled, or paved roads and turnpikes, and to levy and collect taxes to pay them. Upon the petition of 50 resident property tax paying voters of any defined district of any county, it is the duty of the commissioners' court to order an election in the district as described in the petition to determine whether its bonds shall be issued for such road purposes, and whether a tax shall be levied upon the property of the district for their payment. Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 628. If two-thirds of the votes cast are in favor of the proposition, the commissioners' court is required to issue and sell the bonds. Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 631. But before they are put on the market, the court is required to levy a tax sufficient to pay the debt as it matures. The assessments are to be made on the same valuation, and they become liens, and may be enforced in the same manner as state and county taxes. Articles 634, 2827, 2836. For the purposes of the act, any district accepting its provisions by such vote is thereby created a body corporate which may sue and be sued. Article 637.

The departures from the statutes referred to, which were relied on and specified in plaintiff in error's original petition as grounds for the attack upon the bonds under consideration, are not now relied upon, and we shall, therefore, assume that, in the formation of the district, and in the proceedings which resulted in the issuance of the bonds under consideration, the statutes in all material respects were complied with. But, since the proceedings indicated above, the Supreme Court of the United States on an appeal from the United States District Court of the Northern District of Texas had under consideration a case arising in Archer county, very similar, if not identical, with the case we have now before us from Clay county, which adjoins Archer county on the east. The road district in Clay county and the bond issue in that case was the result of proceedings substantially the same as the proceedings attacked in the present case, and it was held that the statutes which we have above cited, which in terms authorized the proceedings, were invalid as in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Relating to the subject, among other things, that court said in Browning v. Hooper, 46 S. Ct. 141, 70 L. Ed. ——:

"Where a local improvement territory is selected, and the burden is spread by the Legislature, or by a municipality to which the state has granted full legislative powers over the subject, the owners of property in the district have no constitutional right to be heard on the question of benefits. Valley Farms Co. v. Westchester, supra; Hancock v. Muskogee, 250 U. S. 454, 459, 39 S. Ct. 528, 63 L. Ed. 1081; Withnell v. Construction Co., 249 U. S. 63, 69, 39 S. Ct. 200, 63 L. Ed. 479; Wight v. Police Jury (C. C. A.) 264 F. 705. But it is essential to due process of law that such owners be given notice and opportunity to be heard on that question, where, as here, the district was not created by the Legislature, and there has been no legislative determination that their property will be benefited by the local improvement. Appellants were denied all opportunity to be heard. No officer or tribunal was empowered by the law of the state to hear them, or to consider and determine whether the road improvements in question would benefit their lands. The act is repugnant to the due process clause of the Fourteenth Amendment. Embree v. Kansas City Road District, supra, 240 U. S. 251 (36 S. Ct. 317, 60 L. Ed. 624)."

[2] The court, as we know from repeated pronouncements of the public press of the country, has refused persistent efforts to recede from the conclusion announced in the above quotation. The decree of the Supreme Court of the United States upon subjects within their lawful jurisdiction is of course the supreme law of the land and we are bound thereby. So being bound, we can but declare the proceedings of the commissioners' court, brought in review in this case unauthorized and without legal effect. It follows that the road district and the bonds under consideration are without any enforceable existence.

[3] The foregoing conclusions do not seem to be questioned by defendant in error. Their contention is that plaintiff in error is now estopped from asserting the invalidity of the road district or bonds attacked. They say:

"The main and only question presented to this court is whether or not a solemn contract entered into in open court by the plaintiff in error shall be set aside at his instance in this suit because of an unconstitutional law, which he did not attack in his pleadings in the district court. Neither did he except to the judgment of the court but solemnly and in open court entered into his agreement to settle the cause then pending. It was an agreement to authorize the issuance of eleven thousand ($11,000) dollars of bonds for the improvement of roads in his district, and of which he would receive the benefit. The suit was for the purpose of enjoining the sale of the bonds. His agreement was to permit the sale of the bonds to the extent of $11,000. These bonds have been sold, and the plaintiff should be estopped from coming into this court at this time."

In support of this contention they cite the case of State v. Mitchell, 31 Ohio St. 592. The Ohio court in that case, among other things, said:

"The principles of estoppel apply where the proceedings are questioned on the ground of the unconstitutionality of the statute under which they are had, as well as where they are sought to be impeached on other grounds. Ferguson et al. v. [Landram] et al., 1 Bush (Ky.) 548; Ferguson v. [Landram] 5 Bush (Ky.) 230 [96 Am. Dec. 350].

"Hence, notwithstanding the unconstitutionality of the act, the rights of third parties have so intervened that it is the duty of the commissioners to complete the apportionment of the assessment in accordance with the terms of the act."

[4] To this we might add the rule of "invited error" frequently applied by the courts of this state. That rule generally stated is that—

"Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong." M., K. & T. R. Co. v. Eyer, 96 Tex. 72, 70 S. W. 529.

In 3 Corpus Juris, p. 671, it is said:

"It is a well settled general rule, declared in some states by express statutory provision, that a party cannot complain of a judgment, order; decree, or ruling rendered or made, on agreement or otherwise, with his express or implied consent, or appeal or sue out a writ of error to review the same, even though there has been an attempt to reserve the right to appeal; and this rule generally applies where a judgment, order or decree was entered on the motion, offer, or admission of appellant or at his request. And a judgment or decree entered in conformity with facts admitted by appellant will not be revised on appeal."

We do not think, however, that we can affirm the judgment below on the theory suggested. The rule of invited error is, as stated in M., K. & T. v. Eyer, supra, undoubtedly "but a deduction from the doctrine of estoppel."

In Bennett v. General Insurance Corporation, 213 Mo. App. 421, 255 S. W. 1076, it was held that a judgment invoked as an estoppel in a collateral suit must conclude both parties, or it will conclude neither.

In Southern Pine Lumber Co. v. Rogers, 26 Tex. Civ. App. 535, 64 S. W. 794, and Read v. Allen, 56 Tex. 182, and Powell v. Heckerman, 6 Tex. Civ. App. 304, 25 S. W. 166, it was held that for a judgment to constitute an estoppel it is essential that its operation be mutual. See, also, Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272; Galveston Chamber of Commerce, v. R. R. Com. (Tex Civ. App.) 137 S. W. 737.

In 15 R. C. L. p. 956, it is said:

"It is a general rule that estoppels must be mutual, and one of the essential elements of an estoppel by judgment is that both the litigants must be alike concluded by the judgment, or it binds neither."

In 10 R. C. L. p. 839, it is said:

"An estoppel must be mutual and reciprocal; that is, it must bind both parties."

In Herman on Estoppel and Res Judicata, pp. 14, 242, 850, 834, 146, and 1011, it is said:

"There is one general universal rule, applicable alike to estoppel by record, by deed, and to equitable estoppel or estoppel in pais, that is, that estoppels must be mutual (14). What is meant by an estoppel being mutual is that the particular judgment is binding upon both, if obligatory upon either (242). And estoppel, however, must be reciprocal and mutual, for, as the whole estate is created by estoppels, both parties must be bound or neither (850). The application of estoppels to all obligations, ex contractu, is that they must be mutual, that neither party will be bound unless the estoppel extends to both (848). Leases become operative by way of estoppel where a lessor, at the time of making the lease has no estate in the subject-matter of the lease. In order that the estoppel can operate upon a lease of this kind, it must be by indenture, thus becoming the act of both parties, in order that the estoppel thereby created may be mutual. Mutuality is a necessary ingredient of an estoppel (834). Mutuality is ordinarily essential to the existence of an estoppel (1011)."

[5-7] Consent judgments, such as the one before us, are generally construed as in effect mere contracts that the parties saw proper to have entered upon the minutes of the court. See Prince v. Frost-Johnson Lumber Co. (Tex. Civ. App.) 250 S. W. 785. In the case before us the court did not render its judgment upon evidence heard and thereon pronounce its legal effect. The court merely adopted the agreement because made by the parties, and the judgment must, therefore, be construed as a mere voluntary settlement between the county and the plaintiff in error. If the law, by virtue of which the road district was established and the bonds issued, was invalid, and in contravention of the federal Constitution, it cannot, we think, be correctly held that the county was bound by the judgment. To so hold would lead, as it seems to us, to confusion and insupportable results. If the judgment be held valid, it would follow that the county could, in violation of section 1, article 8, of the Constitution requiring equality and uniformity of taxation, enforce its levies and tax liens against plaintiff in error and others who joined in the suit for the payment of the $11,000 in bonds and at the same time be without power of authority to enforce such assessments and liens against the other taxpaying citizens in the road district. It is well settled that commissioners' courts have such powers only as are given them by authorized law, and we cannot think that the commissioners' court of Clay coun-

ty is bound by the judgment under consideration. If not, the judgment construed as a contract is unilateral in its character, and not mutual, and, the county not being bound, plaintiff in error must also be absolved from the judgment under the principles announced by authorities hereinbefore cited. We might add that the principle of estoppel is not ordinarily applicable to the state, and cannot properly be applied to a county when it acts as a subdivision of the state and in aid of the state's sovereign powers. It has been held that the county is not estopped from pleading lack of power to issue bonds or refunding warrants where restricted by Constitution and statute; nor is a city estopped to deny an unauthorized contract. See Saunders v. Hart, 57 Tex. 8; Marsalis v. Garrison (Tex. Civ. App.) 27 S. W. 929; Cameron v. State (Tex. Civ. App.) 67 S. W. 348; Galveston Ry. Co. v. State (Tex. Civ. App.) 36 S. W. 111; Grimes County v. Slayton & Co. (Tex. Civ. App.) 262 S. W. 209; City of Ft. Worth v. First Baptist Church, 268 S. W. 1016; Collin County v. Schultz (Tex. Civ. App.) 243 S. W. 609; Urban v. Harris County (Tex. Civ. App.) 251 S. W. 594.

We conclude that the judgment below must be reversed and here rendered for plaintiff in error perpetually enjoining Clay county from levying a tax for the payment of bonds in controversy or otherwise recognizing or enforcing the proceedings for the establishment of the road district as specified in its several orders indicated in the beginning of this opinion.

#### On Motion for Rehearing.

[8] Among other things, it is now insisted, in effect, that we erred in rendering judgment herein rather than remanding the case because of a want of necessary parties. While it is asserted in the briefs, supported by an ex parte affidavit of the clerk, that all but one of the bonds validated by the judgment below have been sold, yet it does not so appear from the record proper in this case. It does not appear that on the trial below the defendants by a plea in abatement, or otherwise, suggested the fact that bonds had been sold and that the purchasers should be made parties; on the contrary, it is inferable, we think, from the record proper that at the time of the institution of the suit, and even at the time of the lower court's judgment, there had been no sale of the bonds. But, if so, our judgment, of course, is only binding upon the parties and privies to this suit, and we think it will be time enough to consider and determine the rights of the purchaser or purchasers, if any, when their rights are invoked and presented to us in a proper proceeding.

[9] It is further urged that we are without jurisdiction, in that by an Act of the Thirty-Ninth Legislature (Acts 39th Leg. [1925], c. 18), article 2078, Rev. Civ. Statutes, 1911, was so amended as to take away the right of an appeal by writ of error. But we think this contention is sufficiently answered by the following decisions in which the question is discussed and which we approve, to wit, Chapman v. Morrison (Tex. Civ. App.) 278 S. W. 236; Humble Oil & Refining Co. v. Andrews (Tex. Civ. App.) 279 S. W. 300; Globe Indemnity Co. v. Barnes (Tex. Civ. App.) 280 S. W. 275.

On the issue of estoppel we think the cases cited in behalf of defendants in error are distinguishable from the one before us, and we conclude that we should adhere to what we said on that subject in our original opinion.

The motion for rehearing is accordingly overruled.