## HUFSTEDLER et al. v. CITY OF LUBBOCK.
### No. 3633.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1931.

Vickers & Campbell, of Lubbock, for appellants.

Bean & Klett, of Lubbock, for appellee.

HALL, C. J.

In November, 1929, the city council of appellee city finally passed Ordinance No. 457, by the terms of which certain real. estate described therein was annexed to and made a part of the city. Hufstedler and eleven others owning property in the .annexed territory filed this suit to declare the ordinance void and restrain the city and its officials from levying and collecting taxes upon their property.

They insist that the ordinance was void because it was not based on an election ordered for the purpose of determining whether the territory should be annexed. The city contends that the ordinance, if void, has been validated by the act of the Forty-First Legislature, passed at the Fifth Called Session thereof, and being chapter 16, page 139 of the published acts (Vernon's Ann. Civ. St. art. 1174b). The appellants insist that R. S. art. 1182a, as added by Acts 41 St. Leg. (1929)

c. 110 (Vernon's Ann. Civ. St. art. 1182a), is applicable to the questions herein presented; that the alleged validating act was passed at a special session; the subject thereof not being submitted by the Governor by any proclamation, its passage was unauthorized; furthermore, that the alleged validating act applies to cities which have been incorporated since 1920, and that the city of Lubbock was incorporated in 1917 as a city of over 5,000 inhabitants, existing under the home rule amendment.

The city secretary testified that prior to the enactment of the ordinance in question there was presented a petition, signed by approximately twenty-five people, requesting that the property in question be annexed as a part of the city by a valid ordinance.

The petition recites that the signers are qualified to vote for members of the Legislature, residing in the territory to be annexed; that the territory does not exceed one-half mile in width; that they "have voted and hereby vote in favor of becoming a part of said city so that after the passage of an ordinance by the City of Lubbock receiving said territory as a part of said adjoining territory, shall be a part of said city and the inhabitants of said adjoining territory shall be entitled to all the rights and privileges of other citizens of said city and bound by the acts and ordinances made in conformity thereto and passed in pursuance of Title 28, Art. 975 of the Revised Statutes of Texas."

The petition described the territory to be annexed, by metes and bounds. Accompanying the petition is an affidavit, signed by three citizens, which recites: "That they are inhabitants, qualified to vote for members of the state legislature, that they reside in the territory herein described, that a majority of the inhabitants of said territory voted in favor of becoming a part of the City of Lubbock, Texas, that said territory is situated in Lubbock County, Texas, adjoining the city limits of the City of Lubbock, Texas, and is described as follows," etc.

The affidavit describes the territory as it is described in the petition and in the ordinance.

The city secretary testified that both petition and affidavit were delivered to him before the ordinance was passed; that the city commission issued no order for an election, and no election was held on a proclamation ordered by the commission. He testified that he knew most all of the petitioners who lived outside of the city limits of Lubbock prior to the passage of the ordinance in question; that 75 per cent. of the territory annexed had been cut up into blocks, lots, showing streets and alleys, prior to the passage of the ordinance, and since its passage some of the streets have been graded, a lot of six-inch water mains put in, together with sewer lines and extension of the electric light lines; that the city had spent approximately $10,000 in improvements in the annexed territory.

The curative act referred to, being chapter 16, H. B. No. 125 of the Acts of the 41st Legislature, is as follows:

"Sec. 1. All elections, election orders, election proceedings and city ordinances annexing adjacent territory to, or extending and prescribing the corporate limits of, any Home Rule City that has adopted a charter under Article Eleven (11), Section Five (5), of the Constitution of Texas, and the provisions of Chapter 147, Acts of the Regular Session of the 33rd Legislature of the State of Texas, 1913, but which City did not in fact have a population of five thousand, according to the 1920 Federal Census, be and the same are hereby validated and confirmed.

"Sec. 2. The city ordinances of all Home Rule Cities in the class described in the foregoing Section fixing and prescribing the corporate limits extended by annexation or attempted annexation of adjacent territory are hereby validated." Vernon's Ann. Civ. St. art. 1174b.

It was stipulated in open court that the city of Lubbock was chartered as a city of over 5,000 inhabitants in the year 1917 and as a home rule city under the Constitution of the state so providing.

The case was tried to the court without a jury, who rendered a judgment in favor of the city.

As we understand the controversy, there is but one question before us, and that is whether the above-quoted curative act is applicable.

■ If the city of Lubbock did not, in fact, have a population of 5,000 according to the 1920 federal census, then Ordinance No. 457 has been validated by section 2 of said act. There is no evidence in the record showing what the population of Lubbock was according to the federal census of 1920, but this court takes judicial notice of the population of cities and towns. 23 C. J. 161, § 1987; Urban et al. v. Harris County (Tex. Civ. App.) 251 S. W. 594.

■ We therefore judicially know that the population of the city of Lubbock, according to the federal census of 1920, was 4,051. It therefore comes within the terms of the statute, and, whether any election was held or not, the ordinance has become validated in virtue of the provisions of section 2 of the act.

The judgment is therefore affirmed.