

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 7, 1966

Honorable Ward M. Markley
County Attorney
Jasper County
Jasper, Texas

Opinion No. C-632

Re: Under the facts stated,
whether the Commissioners
Court of Jasper County may
form an airport district
which would only include
two precincts and related
questions.

Dear Mr. Markley:

This is in response to your letter requesting an opinion on the above stated matter. We quote from your letter as follows:

"Jasper County has a Jasper County Airport, which was built by a County wide bond election. The bond election will be paid for this year. The Airport Committee has requested the Commissioner's Court to form an airport district which would include only two precincts of the County, in order that they may vote another bond election for improvements.

"Is there any way that the County of Jasper can legally transfer the Jasper County Airport into a newly created airport district? Would the whole County have to vote to accomplish this? Could the Commissioner's Court make such a transfer? Or, could the Legislature?"

The Municipal Airports Act, Article 46d-1 through 46d-22, Vernon's Civil Statutes, provides for the acquisition, construction, maintenance, operation, and regulation by municipalities of airports. The Act also provides for sale, lease, and other disposal of municipal owned airports.

Section (d) of Article 46d-1 provides as follows:

". . .

"(d) 'Municipality' means any county, or any incorporated city, village or town of this State. 'Municipal' means pertaining to a municipality as herein defined. (Emphasis added).

"(e) 'Person' means any individual, firm, partnership, corporation, company, association, joint stock association, or body politic; and includes any trustee, receiver, assignee or other similar representative thereof."

Section (a) of Article 46d-2, provides in part as follows:

"(a) Establishment, Operation, Land Acquisition. Every municipality is authorized out of any appropriations or other moneys made available for such purposes, to plan, establish, develop, construct, enlarge, improve, maintain, equip, operate, regulate, protect and police airports and air navigation facilities, . . ."

Article 46d-3 provides in part as follows:

"Except as may be limited by the terms and conditions of any grant, loan, or agreement pursuant to Section 12 of this Act, every municipality may by sale, lease or otherwise, dispose of any airport, air navigation facility or other property, or portion thereof or interest therein, acquired pursuant to this Act. Such disposal by sale, lease or otherwise shall be in accordance with the laws of this State, or provisions of the Charter of the municipality, governing the disposition of other property of the municipality, . . ." (Emphasis added).

Article 46d-9 provides in part as follows:

"The cost of planning and acquiring, establishing, developing, constructing, enlarging, improving, or equipping an airport or air navigation facility, or the site therefor, including buildings and other facilities incidental to the operation thereof, and the acquisition or elimination of airport hazards, may be paid for wholly or partly from the proceeds of the sale of bonds of the municipality, as the governing body of the municipality shall determine. . . ."

Article 1269h, Vernon's Civil Statutes, provides for the acquisition, sale and lease of tracts of land for airport purposes, by incorporated cities and counties. Section 1(A) of Article 1269h, provides as follows:

"The governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire, by purchase without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an airport, or lease, or sell, to the Federal Government, tracts of land either within or without the corporate limits of such city and within the county in which such city is situated, and the Commissioners Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county." (Emphasis added).

Section E of Article 1269h, provides as follows:

"In addition to the power which it may now have, the Commissioners Court of any county, or the governing body of any incorporated city in this State, shall have the power to sell, convey or lease all or part of any airport or property connected therewith, heretofore established or that may hereafter be established; also any land which has been or may be acquired under the provisions of this Act to the United States of America for any purpose necessary for National Defense, or for air mail purposes or any other public purpose; or to the State of Texas or any branch of the State Government which may be authorized to own or operate airports, and to any person, firm or corporation. The Commissioners Court and governing body of any incorporated city shall promulgate rules and regulations for the use of any such airports." (Emphasis added).

Section 18(a) of Article 2351, Vernon's Civil Statutes, relating to the express powers and duties of the Commissioners Court, provides in part as follows:

"The Commissioners Court of each county of this State in addition to the powers already conferred on it by law, is empowered in all cases where said county has heretofore acquired, or may hereafter acquire land for an airport through purchase or gift from any person or source whatever

including the Federal Government or any agency thereof, <u>to lease said land and/or the facilities thereof, or any part thereof, to any person or corporation upon such terms as the Commissioners Court shall deem advisable for airport purposes, or other purposes, provided any such lease is not inhibited by the terms of the grant to such County.</u> . . ." (Emphasis added).

The Municipal Airports Act, quoted in part above, gives cities, towns, villages, and counties the power to plan, construct, maintain, and improve airports. In addition the Act gives the power to lease or sell such airports, and the power to have bond elections to improve previously acquired airports. Article 1269h, quoted in part above, gives the cities and counties power to receive, by gift or dedication, tracts of land for use as airports. In addition, Article 1269h gives the power to take land by condemnation for airport purposes, and also specifies to whom such airports may be leased or sold. Section 18(a) of Article 2351, quoted in part above, empowers the Commissioners Court to lease an airport, or the facilities thereof, to specific entities upon such terms as the Commissioners deem advisable.

It is a well established principle that the Commissioners Court can exercise only such authority as is conferred upon it by the Constitution and statutes of this State. <u>Von Rosenburg v. Lovett</u>, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.), <u>Scaling v. Williams</u>, 284 S.W. 310 (Tex.Civ.App. 1926, no writ history), <u>Commissioners Court of Madison County v. Wallace</u>, 118 Tex. 279, 15 S.W.2d 535 (1929).

Since there is no constitutional or statutory provision providing for airport districts or airport taxing districts in this State, it is our opinion that neither the qualified voters of the county, nor the Commissioners Court can create an airport district and transfer, by lease or sale, a county owned airport to such a district.

On the question of whether the Legislature could transfer the County Airport to a two precinct airport district, this office respectfully declines to answer the question on the basis that it is premature—premature because we do not have a specific act to study and form an opinion.

### S U M M A R Y

Under present State law, a Commissioners Court or qualified voters of a county may not create a

Hon. Ward M. Markley, page 5  (C-632)

precinct or multi-precinct Airport District and
transfer a county owned airport to such a district.

Very truly yours,

WAGGONER CARR
Attorney General

By: James C. McCoy
James C. McCoy
Assistant

JCMcC:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Wade Anderson
James Strock
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright