## HUNNICUTT v. LEE et al.  (No. 2349.)

Court of Civil Appeals of Texas. El Paso.
Dec. 19, 1929.

Rehearing Denied Jan. 16, 1930.

See, also, 16 S.W.(2d) 968.

J. Cleo Thompson and W. I. Gamewell, both of Dallas, for plaintiff in error.

J. Hardy Neel and Geo. T. Burgess, both of Dallas, for defendants in error.

PELPHREY, C. J. Plaintiff in error instituted this suit against E. B. Lee and Chatham-Phenix National Bank & Trust Company, as trustee, in the Forty-Fourth district court of Dallas county. In the statement and discussion we will refer to the parties as they were designated in the trial court.

Plaintiff prayed for the rescission of the executory sale of a certain six-room frame house and to recover the title and possession of same, and, in the alternative, for a judgment for unpaid purchase money, for foreclosure of a prior and superior vendor's lien expressly retained in a deed to certain lands upon which the house was then situated.

Plaintiff alleged that he sold and conveyed a certain tract of land out of the Lagow League, fronting 50 feet on Grand avenue in the city of Dallas, Tex., the house in question here being at that time affixed thereto, and part of said land, to defendant E. B. Lee, on or about November 18, 1924; that a part of the purchase price was evidenced by a note in the sum of $4,250, executed by said Lee and payable to plaintiff; that thereafter Lee sold and conveyed said house to R. G. Hockett, on or about January 7, 1926, and as a part of the consideration therefor Hockett executed and delivered to plaintiff his note in the sum of $5,000, payable to plaintiff, in lieu, extension, and renewal of the note theretofore executed by Lee; that subsequently, by virtue of arrangements between Lee and Hockett, Lee acquired title to and possession of the house aforesaid, and on or about the month of August, 1926, without the knowledge or consent of plaintiff, removed the house from said land and placed same upon land then owned by said Lee, being lot 10, in block 1460-A in Fair Park addition to the city of Dallas, located upon South Fitzhugh street; that the $5,000 note, with the exception of $580, was due and unpaid; that the $1,000 described in the deed from plaintiff to Lee as having been paid was not in fact paid; that, since the conveyance from plaintiff to Lee, Lee and Hockett have had the possession and the use of said property and the rents and revenues therefrom, the usual and reasonable rental value of which was $50 per month; that the value of said house was $2,500; that said bank, as trustee, was claiming some right, title, equity, interest, or lien in and to said house, but that, if any it had, they were subject, junior, and inferior to the lien, right, title, and equities of plaintiff thereto and therein.

Plaintiff, under his claim of a right to rescind the sale of the house, tendered to Lee in open court the $5,000 note and offered to cancel same. Plaintiff further sought judgment against Lee for conversion of the house, and the establishment and foreclosure of a materialman's lien upon the house and the tract of land upon which it had been moved.

Defendant Lee answered by general demurrer and general denial. Defendant Chatham-Phenix National Bank & Trust Company, as trustee, answered by general demurrer and general denial, and specially denied knowledge of the facts set forth in plaintiff's petition prior to the service of citation upon it. It further pleaded that Investment Securities Company of Texas had loaned said Lee about $3,000, and had taken as security a lien upon said house and the lot upon which it had been placed; that the lien and notes had been purchased by the Chatham-Phenix National Bank & Trust Company, and were later transferred by said bank to Chatham-Phenix National Bank & Trust Company, as trustee, for value, before maturity and in the due course of trade; and that said Investment Securities Company of Texas and the subsequent holders of said notes and lien had no knowledge or notice that said house had been removed from the lot sold by plaintiff to Lee, or that plaintiff claimed any title or lien with respect to said house.

The bank further alleged that plaintiff had no lien upon, nor right, title, nor interest in, said house, because the notes and deeds involved in the transactions between plaintiff and Lee, Lee and Hockett, and Hockett and plaintiff, had all been canceled and rescinded, and had become res judicata by virtue of a suit for rescission of the sale of said first-named tract of land, brought by the plaintiff against R. G. Hockett et al. in the district court of Dallas county, Texas, in which suit

said sale had been rescinded and the notes and deeds canceled. By way of estoppel the bank alleged that plaintiff, with full knowledge that said house had been removed to lot 10, allowed the same to remain thereon and to become a part thereof, and permitted the apparent ownership of the house to remain in Lee, and that by so doing he was estopped to assert title to said house as against defendant bank as trustee.

By a supplemental petition plaintiff excepted to the bank's plea of res judicata, on the ground that said plea was insufficient for failing to allege that either of the defendants were parties to the suit brought by plaintiff against Hockett et al., or that the house involved in this suit was involved in that suit, or upon the land there involved. Plaintiff also excepted to the plea of estoppel for failing to allege that plaintiff knew of any ulterior motive on the part of Lee in mortgaging the house, or the land upon which it had been placed; that plaintiff participated in any way therein, or that plaintiff stood by, with knowledge that the mortgage was about to be given, and failed to assert his rights, when he should have done so, in obedience to his duty to speak.

After denying generally the allegations of the answer, plaintiff further pleaded that, if the judgment obtained by him in the suit against Hockett et al. canceled, rescinded, or released the deeds of conveyance, notes, titles, liens, rights, or interests described in plaintiff's petition and the answer thereto, the house, not being upon the land involved in that suit, was not involved therein, and that defendants herein were not parties thereto. Plaintiff prayed that, in the event the court found any of said notes, deeds, titles, and rights had been canceled, rescinded, or released, the court exercise its equity powers, and revive and treat said notes, deeds, titles, liens, remedies, and rights, as in force for the purpose of protecting plaintiff against the intervening rights of the defendant bank as trustee.

The case was tried before the court, and after overruling the special exceptions of plaintiff the court rendered judgment that plaintiff take nothing as against Chatham-Phenix National Bank & Trust Company as trustee; that plaintiff recover as against E. B. Lee judgment fixing a lien upon the house and lot No. 10 to secure the indebtedness of $2,500, but that said lien should be subject, inferior, and subordinate to that certain deed of trust lien created by Lee and wife in the deed of trust executed by them to Junkin, trustee securing three notes payable to Investment Securities Company of Texas, aggregating $3,000, being the notes and lien now held by defendant bank as trustee, which lien was decreed to be a first, prior, and superior lien upon said lot and house, to any lien decreed in plaintiff's favor.

It was ordered that order of sale issue for the seizure and sale of said house and lot as under execution, but subject to the lien of defendant bank as trustee, and that no execution issue against defendant Lee, plaintiff having dismissed as to any personal action against him. The case is now before this court upon a writ of error.

## Opinion.

The first two propositions presented by plaintiff relate to the court's action in overruling his exception No. 1 to the plea of res judicata contained in defendant's amended answer; his contention being that the exception should have been sustained, because: (1) It was not alleged in said plea that E. B. Lee and Chatham-Phenix National Bank & Trust Company, trustee, or either of them, were parties to the suit instituted by plaintiff for rescission of the deeds from plaintiff in error to Lee, and from Lee to Hockett; and (2) it was not alleged in said plea that the house involved in this suit was involved in or was upon the land in which the judgment relied upon was rendered.

The part of the pleading to which the exception was urged reads:

"These defendants would further show that plaintiff has no lien upon, right, title, or interest in, said house, because of the following facts, to wit:

"The plaintiff sold the lot first described in his petition, being 50 feet on Grand avenue, to E. B. Lee, taking therefor, as he alleges, a note for $4,250.00, payable as set out in his petition, said deed being dated November 18, 1924, and on January 7, 1926, E. B. Lee, by deed of that date, conveys said property to R. G. Hockett, the said Hockett executing in part payment therefor one note for $5,000.00 in renewal and extension of the note executed by Lee to plaintiff and described in the deed from plaintiff to Lee.

"That thereafter the said plaintiff brought a suit in the district court of Dallas county against R. G. Hockett and others upon said notes, and for the recovery of the real property described in a deed from himself to Lee, alleging that he was the holder of the superior title to said real property by the retention in deed of conveyance of the expressed vendor's lien to secure the payment of said notes; that default has been made in the payment thereof; that he has rescinded the deed and sought recovery of the legal title to the property, and on the 7th day of September, 1927, a judgment was entered in said cause in favor of plaintiff, canceling and rescinding the deeds of conveyance from plaintiff to E. B. Lee and Lee to Hockett, and restoring to plaintiff the fee-simple title to the property conveyed by said deed, and canceling and holding for naught the note executed by Lee to plaintiff and the note executed by Hockett to plaintiff; that at the time of the filing of said suit and of the entry of said judgment therein the house now claimed by plaintiff was not located

upon the land conveyed by plaintiff to Lee, but was located upon the land described in the deed of trust from Lee to Junkin, hereinbefore mentioned, and constituted and formed a part of the real property conveyed by said deed of trust; that the said judgment is res judicata of plaintiff's claim, if any he has, to said house, and is a cancellation of the notes executed by Lee and Hockett to plaintiff, and of any and all rights, title, liens, or interest upon any property which plaintiff may have or may have had, securing the payment of either or both of said notes, and is an investiture of plaintiff with the title to said real property in the shape and condition it was and as it existed on the date of said judgment, to wit, September 7th, 1927, and is a release and cancellation of any liens claimed by plaintiff upon any other property securing the payment of either or both of the notes executed by Lee and/or Hockett."

In response to the contention of plaintiff that the plea is insufficient for failure to allege that defendants were parties to the former suit, defendants assert that defendants were privies of Hockett, and that therefore the judgment was as conclusive as to them as it was to Hockett. Plaintiff in his reply brief lays down the proposition that defendants were not privies of Hockett, because they had acquired the rights asserted by them prior to the filing of the suit against Hockett.

We do not agree with plaintiff's last contention, but are of opinion that the judgment canceling the notes evidencing the indebtedness from Hockett and Lee to plaintiff inured to the benefit of defendant, and that the plea of res judicata was sufficient as against the exception urged. Kramer v. Breedlove (Tex. Sup.) 3 S. W. 561; Powell v. Heckerman, 6 Tex. Civ. App. 304, 25 S. W. 166; Houston Oil Co. of Texas v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122. We are further of opinion that the evidence showing that Hockett owned the house subject to plaintiff's lien, that he sold it to Lee, who in turn mortgaged it to defendant, is sufficient to establish the privity between Hockett, Lee and defendant.

In the case of Hunnicutt v. Hockett plaintiff could recover only by showing an indebtedness due him by Hockett and a default in payment thereof. By the amended petition in that case, the issue was the right of Hunnicutt to recover the land by reason of the vendor's lien and the default of Hockett in the payment of the note. The judgment in that case was based upon the same indebtedness upon which plaintiff depends here; it decreed that plaintiff should recover title and possession to the tract of land, and that the notes, which are the same notes sued upon here, should be canceled and held for naught. The plaintiff prayed in his petition to have his lien revived in equity for the pur-

pose of preventing an injustice to him. It is undisputed that both plaintiff and defendants in the Hunnicutt v. Hockett Case knew that the house was not at the time of that judgment located upon the land sued for; yet plaintiff, with a full knowledge of that fact, agreed to a judgment decreeing title and possession of the land to him, and canceling the only evidence of the indebtedness due to him by Lee and Hockett. If any injustice has been suffered by plaintiff, it seems it has occurred as a result of his own act in agreeing to the cancellation of the notes, and equity will not, under such a state of facts, interfere.

Plaintiff presents numerous assignments of error, to which we have given considerable study, and in which we find no merit. We have reached the conclusion that the judgment in the case of Hunnicutt v. Hockett was res judicata of the issue here, and that there exists no reason why the judgment of the trial court should be reversed, or at least nothing in the judgment of which plaintiff can complain.

The judgment of the trial court is accordingly affirmed.